COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-07-128-CR 

       2-07-129-CR

TOMMY RAY VIDAL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Tommy Ray Vidal appeals his convictions for unlawful possession of a firearm and possession of a controlled substance, methamphetamine, in the amount of more than four grams but less than two hundred grams.  We affirm.

In a single point, appellant complains that the trial court improperly denied his motion to suppress evidence because the officers did not have either a search warrant or consent and exceeded “the scope and the intensity of their authority” to search his room.
(footnote: 2) 

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.
(footnote: 3)  
In reviewing the trial court’s decision, we do not engage in our own factual review.
(footnote: 4)  
The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.
(footnote: 5)  
Therefore, we give almost total deference to the trial court’s rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.
(footnote: 6) 
 When the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, however, we review de novo a trial court’s rulings on mixed questions of law and fact.
(footnote: 7)  
Finally, we must view the evidence in the light most favorable to the trial court’s ruling.
(footnote: 8)
  
 On February 26, 2006, Officer Richard Gambino and a trainee officer responded to a Budget Suites in Grand Prairie with regard to a runaway child.  Officer Michael Scott, a Johnson County Sheriff’s Deputy who worked as a courtesy officer at the Budget Suites, also assisted in the investigation.  The runaway child’s mother told the officers that she thought her daughter was in one of two suites at the hotel.  The three officers checked the first suite and did not find the child, so they approached the second suite and knocked on the door.   

Appellant looked out of the window and asked what the officers wanted.  The officers explained and entered the suite.  Officers Gambino and Scott testified that appellant consented to their entry and let them into the room.  Appellant, a habitual offender, and Madeline McCarthy, a teenager who was in the suite with appellant at the time (but was not the runaway), maintained that appellant asked the officers if they had a search warrant and refused to consent to their entry without one.
(footnote: 9)  

Once inside the suite, Officers Gambino and Scott both saw marijuana in plain view in two places in the bedroom.
(footnote: 10)  Further, upon request, appellant removed a sweater that he had thrown over some objects as the officers entered the living room, revealing a cigar filled with more marijuana and a blow torch.  Officer Scott also found bullets in a bag in the living room.  Concerned for officer safety, Officer Gambino patted down appellant and searched the couch on which appellant was sitting, finding a loaded, black .380 caliber pistol between the cushion and armrest.  One of the other officers noticed a crumpled cigarette box on the floor “right next to” the couch and found methamphetamine inside.  After finding all of these items, one of the officers arrested appellant.
(footnote: 11)  Officer Gambino testified that he had been inside the suite for a total of fifteen to twenty minutes before the arrest. 

A search conducted without a warrant is per se unreasonable unless it falls within one of the “specifically defined and well-established” exceptions to the warrant requirement.
(footnote: 12)  
One such exception is a search conducted with the consent of the suspect.
(footnote: 13)  

The validity of a consensual search is a question of fact, and the State bears the burden to prove that consent was obtained voluntarily.
(footnote: 14) 
 
The issue of consent is generally a question left to the trial court, and a finding of voluntary consent is reviewed for an abuse of discretion.
(footnote: 15)  

In this case, appellant does not argue that he consented involuntarily; rather, he claims he never consented at all. 
 Although the trial court did not make written fact findings, it stated on the record that the “question is whether or not [appellant] gave the officers consent to enter the room” and that “the police officers [were] more credible” than appellant.
(footnote: 16)  Giving, as we must, almost total deference to the trial court’s evaluation of credibility and viewing the evidence in the light most favorable to the trial court’s ruling, we hold that the trial court did not abuse its discretion in finding that appellant consented to the officers’ entry into the suite.
(footnote: 17) 

We also hold that the officers did not exceed the scope or intensity of their authority once inside.  An officer may, under certain circumstances, seize items in plain view without a warrant.
(footnote: 18)  
The plain view doctrine requires that the officer have a right to be where he is and that it is immediately apparent that the item seized constitutes evidence (that is, there is probable cause to associate the item with criminal activity).
(footnote: 19) 
 

Further, an officer may conduct a lawful search incident to arrest for weapons and evidence on the person of an arrestee or in the area within the arrestee’s immediate control.
(footnote: 20)  
A search incident to arrest may occur pre-arrest as long as the officer has probable cause to arrest before the search begins and the arrest follows quickly after the search.
(footnote: 21)
 Appellant argues that once the officers determined that the runaway child was not there, they were no longer lawfully in the suite and the plain view doctrine could not apply.  The record reflects, however, that the officers found the marijuana, which was admittedly in plain view, during the initial search of the bedroom for the runaway.
  Because they had appellant’s consent to enter to look for the runaway and were in the course of doing so when they observed the marijuana, we hold that Officers Gambino and Scott were lawfully on the premises when they found the marijuana in plain view.

Further, once the officers observed the marijuana, they had probable cause to arrest appellant
(footnote: 22) and were justified in searching the areas within his immediate control—including the couch on which he was sitting and the cigarette package on the floor next to the couch—for weapons and evidence.  
Appellant’s arrest quickly followed this search.  Thus, we hold that the gun and methamphetamine were properly seized.
(footnote: 23) 

For all of these reasons, we hold that the trial court properly denied appellant’s motion to suppress evidence, and we overrule his sole point.  Accordingly, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 3, 2008 
 

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
When briefing constitutional issues, a party should separate federal and state issues into distinct points or issues and provide substantive argument on each.  
McCambridge v. State
, 712 S.W.2d 499, 501–02 n.9 (Tex. Crim. App. 1986).  If, as here, a party fails to do this, we need not address federal and state constitutional issues separately.  
See
,
 e.g.
,
 Eldridge v. State
, 940 S.W.2d 646, 650–51 (Tex. Crim. App. 1996) (declining to pursue appellant’s state constitutional argument for him); 
Jones v. State
, 949 S.W.2d 509, 514 (Tex. App.—Fort Worth 1997, no pet.) (deeming federal and state constitutional protections identical because appellant’s brief did not address differences in protections against unreasonable search and seizure).

3:
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  

4:
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  

5:
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  

6:
Montanez v. State
, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); 
Johnson v. State
, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d). 

7:
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652–53.

8:
State v. Kelly
, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). 

9:
Appellant testified that he would not have consented to the officers’ entry because he knew he could go to jail for the rest of his life.  He did, however, “stash[] what [he] could” before answering the door to speak to the officers. 

10:
The marijuana in the bedroom was located on a night stand and on top of or in an open box.  Appellant admitted that there was marijuana in plain view.

11:
Appellant does not challenge the propriety of his warrantless arrest.  

12:
McGee v. State
, 105 S.W.3d 609, 615 (Tex. Crim. App.), 
cert. denied
, 540 U.S. 1004 (2003); 
see
 
Best
, 118 S.W.3d at 862.

13:
Gutierrez v. State
, 221 S.W.3d 680, 686–87 (Tex. Crim. App. 2007); 
Reasor v. State
, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000). 

14:
Gutierrez
, 221 S.W.3d at 686–87. 

15:
Johnson v. State
, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007).  

16:
See State v. Cullen
, 195 S.W.3d 696, 698–99 (Tex. Crim. App. 2006) (contemplating that trial court’s findings and conclusions may be made in writing or stated orally on the record); 
Ross
, 32 S.W.3d at 858 (same).

17:
Appellant asserts in passing that the case should be “reversed and or remanded” for written findings of fact and conclusions of law to be made.  There is no indication in the record, however, that appellant requested written findings of fact and conclusions of law in the trial court.  Thus, appellant has forfeited this complaint.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
see also Cullen
, 195 S.W.3d at 699 (“[U]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings.”). 

18:
E.g.
, 
Walter v. State
, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).

19:
Id
.  

20:
Chimel v. California
, 395 U.S. 752, 762–63, 89 S. Ct. 2034, 2040 (1969)
.

21:
Rawlings v. Kentucky
, 448 U.S. 98, 111, 100 S. Ct. 2556, 2564 (1980); 
Ballard
, 987 S.W.2d at 892
.

22:
See Torres v. State
, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005) (“Probable cause for a warrantless arrest requires that the officer have a reasonable belief that, based on facts and circumstances within the officer’s personal knowledge . . . an offense has been committed.”) (citations omitted).

23:
See
,
 e.g.
,
 United States v. Robinson
, 414 U.S. 218, 236, 94 S. Ct. 467, 477 (1973) (holding that where officer, in the course of search incident to arrest, found crumpled package of cigarettes, he was entitled to inspect it and seize heroin contained inside).